7

HAGOP T. BEDOYAN, CSB NO. 131285
LISA HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
   COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847
Email: hbedoyan@kleinlaw.com
       lholder@kleinlaw.com

Attorneys for Robert A. Hawkins, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>WEST COAST GROWERS, INC.,<br><br>           Debtor. | Case No.: 15-11079-A-7<br><br>Chapter 7<br><br>Judge: Fredrick E. Clement |
| ROBERT A. HAWKINS,<br>Chapter 7 Trustee,<br><br>           Plaintiff,<br><br>v.<br><br>RDX, INC, a California corporation and DOES 1 through 10,<br><br>           Defendant(s). | ADV. PRO. NO.: _____<br><br>**COMPLAINT TO AVOID AND RECOVER TRANSFERS UNDER 11 U.S.C. §§ 547, 549 AND 550, AND DISALLOW CLAIM UNDER 11 U.S.C. § 502** |

TO THE HONORABLE FREDRICK E. CLEMENT, UNITED STATES BANKRUPTCY JUDGE:

    Robert A. Hawkins, Chapter 7 Trustee, alleges as follows:

### INTRODUCTION

1. On March 20, 2015 (the "Petition Date"), the West Coast Growers, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 11, Title 11 of the United States

Code (the "Bankruptcy Code"). On December 29, 2015 the case was converted to the present Chapter 7 case.

2. On December 29, 2015, Robert A. Hawkins ("Trustee" or "Plaintiff"), was appointed Chapter 7 Trustee of the Debtor's estate.

3. On March 20, 2016, the United States Bankruptcy Court (the "Court") entered its order authorizing employment of Klein DeNatale Goldner, as special counsel for the Trustee pursuant to 11 U.S.C. § 327(e). On April 29, 2016, the Court made its order enlarging the scope of its previous order allowing further representation of the Trustee.

4. Plaintiff brings this action to avoid and recover certain transfers made, directly or indirectly, by Debtor to RDX, INC., a California corporation, doing business in Fresno, California ("Defendant") on or within ninety (90) days prior to the Petition Date and at least one other transfer made after the Petition Date (the "Transfers").

## JURISDICTION AND VENUE

5. This adversary proceeding is brought under Rule 7001 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") seeking to avoid and recover, in accordance with §§547, 549 and 550 of the Bankruptcy Code, the Transfers that were made by Debtor to Defendant. A schedule identifying the Transfers and the amount demanded by Plaintiff is annexed hereto as Exhibit "A" and incorporated by reference.

6. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), and (O).

7. Plaintiff consents to the entry of a final order or judgment by the Court.

8. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334. These matters have been referred to the Court by the United States District Court for the Eastern District of California in accordance with General Orders 182 and 223.

9. The Court has personal jurisdiction over the Defendant pursuant to Federal Rule of Bankruptcy Procedure 7004(f). In addition, Defendant has consented to this Court's jurisdiction by filing a Proof of Claim with the Clerk of the Court on September 29, 2015 in

the unsecured amount of $436,327.44 [Claim No. 77-1].

10. Pursuant to 28 U.S.C. §§ 1408 and 1409, venue is proper in the Bankruptcy Court for the Eastern District of California.

**PARTIES**

11. Trustee is the duly appointed and acting Trustee of Debtor, and has the right, power, and duty to prosecute avoidance actions of the Debtor, where the claim arises under 11 U.S.C. §§ 544-551.

12. Defendant is an individual, a corporation, or other business enterprise that was a creditor of Debtor at all material times.

13. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein as DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the happenings and events herein referred to, and caused injury and damages proximately thereby to Plaintiff as herein alleged.

14. At all times herein mentioned, each of the defendants was the agent, employee and/or representative of each of the remaining defendants and was at all times acting within the purpose and scope of said agency, employment, and/or representation, and each said defendant has ratified and approved the actions of the remaining defendants.

**ALLEGATIONS**

15. Within ninety (90) days prior to the Petition Date (the "Preference Period"), on account of debts owed by the Debtor to Defendant, the Debtor made transfers to Defendant totaling at least $930,790.00.

16. Specifically, the Debtor made the following transfers to Defendant during the Preference Period, via checks issued by the Debtor and made payable to the Defendant:

///

///

| Check No. /ACH | Check Date | Payment Clear Date | Amount Paid |
|---|---|---|---|
| 39960 | December 22, 2014 | December 24, 2014 | $80,160.00 |
| 39964 | December 29, 2014 | December 30, 2014 | $80,080.00 |
| 39970 | January 6, 2015 | January 7, 2015 | $80,120.00 |
| 39994 | January 13, 2015 | January 14, 2015 | $80,080.00 |
| 40056 | January 21, 2015 | January 22, 2015 | $60,000.00 |
| 40075 | January 27, 2015 | January 28, 2015 | $80,160.00 |
| 40076 | January 28, 2015 | January 29, 2015 | $60,000.00 |
| 40107 | February 3, 2015 | February 4, 2015 | $80,060.00 |
| 40108 | February 4, 2015 | February 5, 2015 | $60,000.00 |
| 40127 | February 10, 2015 | February 11, 2015 | $80,060.00 |
| 40148 | February 12, 2015 | February 13, 2015 | $50,000.00 |
| 40231 | February 24, 2015 | February 25, 2015 | $80,070.00 |
| 40270 | February 24, 2015 | February 27, 2015 | $60,000.00 |
| | | **Total** | **$930,790.00** |

Hereafter, the "Pre-Petition Transfers."

17.　On March 23, 2015, Debtor made a transfer to Defendant in the amount of $80,600.00 (Check No. 40414, Check Date 03/20/2015), which was three (3) days after the Petition Date ("Post-Petition Transfer" or together with the Pre-Petition Transfers the "Transfers").

### FIRST CLAIM FOR RELIEF

### (Avoidance of Pre-Petition Preferential Transfers under 11 U.S.C. § 547)

18.　The Plaintiff incorporates the allegations set forth in paragraphs 1 through 17 above, and incorporates them by reference herein.

19.　The Debtor's delivery of the Pre-Petition Transfers to the Defendant constitutes a transfer: (a) of an interest in property of the Debtor; (b) to or for the benefit of a creditor, Defendant; (c) on, or on account of, an antecedent debt owed by the Debtor to the Defendant for which such transfer was made; (d) made while the Debtor was insolvent; (e) made within 90 days of the Petition Date; and (f) which enabled the Defendant to receive more than the Defendant would receive if the case were under Chapter 7 of the Bankruptcy Code, the transfers had not been made, and the Defendant received payment of its debt to the extent provided by the Bankruptcy Code.

20.　Pursuant to 11 U.S.C. § 547, the Plaintiff may avoid the preferential transfers

set forth in paragraph sixteen (16), above, in the total amount of $930,790.00.

## SECOND CLAIM FOR RELIEF

### (Avoidance of Post-Petition Transaction under 11 U.S.C. § 549(a))

21. The Plaintiff incorporates the allegations set forth in paragraphs 1 through 17, into the Second Claim for Relief as if those paragraphs were fully set forth here.

22. The Debtor's delivery of the Post-Petition Transfer to the Defendant constitutes a transfer: (a) of an interest in property of the Debtor; (b) that occurred after the commencement of the case; and (c) that was not authorized by the court.

23. Therefore, pursuant to 11 U.S.C. § 549(a), the Plaintiff may avoid the Post-Petition Transfer set forth in paragraph seventeen (17), above, in the total amount of $80,600.00.

## THIRD CLAIM FOR RELIEF

### (Recovery of Property of the Estate under 11 U.S.C. § 550)

24. Plaintiff incorporates paragraphs 1 through 23 into the Third Claim for Relief as if those paragraphs were fully set forth here.

25. The Transfers are avoidable under 11 U.S.C. §§547 and 549 and thus, either the Transfers or the fair market value of the same may be recovered by Plaintiff from the Defendant under 11 U.S.C. § 550(a).

26. Under 11 U.S.C. §550, Plaintiff is entitled to interest on the Transfers represented in Exhibit "A" from the earlier of (a) the date of the transfer, (b) the date of the demand for turnover, or (c) the date of the filing of this Complaint, as may be allowed by law.

27. Wherefore, Plaintiff prays for an order and judgment that Plaintiff shall recover from Defendant the amount of the Transfers represented in Exhibit "A", or the fair market value of the same, plus interest.

## FOURTH CLAIM FOR RELIEF

### (Disallowance of Claim under 11 U.S.C. § 502(d))

28. Plaintiff incorporates paragraphs 1 through 27 into the Fourth Claim for

Relief as if those paragraphs were fully set forth here.

29. The Defendant has asserted an unsecured claim in the Debtor's bankruptcy case in the amount of $436,327.44.

30. Absent the Defendant returning the Transfers to the Plaintiff, Defendant's unsecured claim against the Debtor's bankruptcy estate must be disallowed in its entirety.

**PRAYER**

WHEREFORE, the Plaintiff requests judgment as set forth below:

A. Avoiding and setting aside the Transfers represented in Exhibit "A" under §§547(b) and 549(a) of the Bankruptcy Code;

B. Awarding Plaintiff Judgment in an amount equal to the Transfers represented in Exhibit "A;"

C. Awarding Plaintiff interest on the amount of the Transfers represented in Exhibit "A" from the earlier of (a) the date of the transfer, (a) the date of the demand for turnover, or (b) the date of the filing of this Complaint, as may be allowed by law;

D. Directing Defendant to immediately turnover to the Plaintiff an amount equal to the Transfers under § 550(a) of the Bankruptcy Code, together with interest on such amount;

E. Providing that all claims against the Debtor scheduled or filed in the Debtor's Chapter 7 case by the Defendant shall be disallowed under §502(d) unless and until Defendant has paid the amount for which Defendant is liable under §§547, 549 and 550;

F. Awarding Plaintiff all allowable attorneys' fees, costs and other expenses incurred in this action; and

G. Granting the Plaintiff such other relief as the Court deems just and proper.

Dated: October 25, 2016

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By: _____
HAGOP T. BEDOYAN, ESQ.
LISA HOLDER, ESQ.,
Attorneys for Robert A. Hawkins,
Chapter 7 Trustee

**EXHIBIT A**

| Check No. /ACH | Check Date | Payment Clear Date | Amount Paid |
|---|---|---|---|
| 39960 | December 22, 2014 | December 24, 2014 | $80,160.00 |
| 39964 | December 29, 2014 | December 30, 2014 | $80,080.00 |
| 39970 | January 6, 2015 | January 7, 2015 | $80,120.00 |
| 39994 | January 13, 2015 | January 14, 2015 | $80,080.00 |
| 40056 | January 21, 2015 | January 22, 2015 | $60,000.00 |
| 40075 | January 27, 2015 | January 28, 2015 | $80,160.00 |
| 40076 | January 28, 2015 | January 29, 2015 | $60,000.00 |
| 40107 | February 3, 2015 | February 4, 2015 | $80,060.00 |
| 40108 | February 4, 2015 | February 5, 2015 | $60,000.00 |
| 40127 | February 10, 2015 | February 11, 2015 | $80,060.00 |
| 40148 | February 12, 2015 | February 13, 2015 | $50,000.00 |
| 40231 | February 24, 2015 | February 25, 2015 | $80,070.00 |
| 40270 | February 24, 2015 | February 27, 2015 | $60,000.00 |
| 40414 | March 20, 2015 | March 23, 2015 | $80,600.00 |
| | | **Total** | **$1,011,390.00** |